Mr. Justice Strong
delivered the opinion of the court:
The statement of the facts found by the Court of Claims may be condensed as follows: In the year 1863, Major Hunt, of the *19 Corps of Engineers, entered into negotiations with the plaintiff for the purchase by the United States of an island in Narragansett Bay for military uses, and a parol contract for the purchase and sale was then formally concluded, with its terms approved by the Secretary of War. The price, as stipulated, was $21,000. Soon after the agreement to purchase was verbally closed, (in August of that year,) the officers of the Government, with the consent of the plaintiff, entered into possession of the island, and began to prepare for fortifying it. The possession thus commenced they have ever since retained. But upon examination it was found, and so reported by the Attorney-General, that an Executive Department had by law no authority to purchase land on account of the Government, and consequently, the verbal arrangement with the plaintiff remained unconsummated until 1866. On the 12th of June, of that year, Congress made an appropriation for the purchase of sites then occupied, and proposed to be occupied, for sea-coast defense, and on the 7th of August, next following, the purchase-moneyof the island ($21,000) was paid to the plaintiff and accepted by him without any claim for interest or rents, so far as it appears, and he delivered a deed for the property to the United States. He now claims to recover for the use and occupation of the island from the time the United States officials, with his consent, took possession, after the verbal arrangement to purchase, until the deed was made and the purchase-money was paid — that is, from August, 1863, to August, 1866. Upon this state of facts, can an action for use and occupation be sustained ?
Though it has sometimes been said that an action of debt, or assumpsit, for the use and occupation of land, can be maintained only when the relation of landlord and tenant has existed between the plaintiff and defendant, this is not strictly accurate, if it be meant that a demise must be in fact proved. It is true that the statute of 11 George II, ch. 19, sec. 14, enacted that the action might be sustained when a demise has been proved, but the action existed before the statute was enacted, and the only effect of the statute was to enlarge its sphere. Privity of contract is doubtless essential in all cases. But when the defendant has entered and occupied by permission of the plaintiff, without any express contract, the law implies a promise on his part to make compensation or pay a reasonable *20 rent for bis occupation; >- In such a cáse, ,tbe consent of the owner to the defendant’s-entry, followed! by Such entry and by subsequent- occupation, máybe considered equivalent to .a demise, ’ or at - least, prima-faei e evidence of .a- demise.» This is because a-demise, with a corresponding agreement to pay aunt, or make compensation-for the use of the property, is-consistent with an unexplained entry by the owner’s-con sent, and because it is a reasonable presumption that occupation thus'taken was intended to be paid for. No reason, however,, for such am implication exists, when an- expr ess contract or an arrangement between the parties-shows that it was notrntended ■ by them to constitute the relation of landlord and tenant, but that the occupation was taken and--held for another purpose. And this is shown when the entryhas been made.in pursuance of an agreement to pur ch áse, whether that agreement was in writing or in parol. Su ch an agreement sufficiently explains the allowed entry, without the necessity of resorting to any implication of a contract other than that actually made. - Accordingly, it was ruled in Kirtland v. Pounsett, (2 Taunt., 145,) that an action for us e and occupation cannot be maintained against one who took possession under a contract of sale, which failed afterwards to be consummated iu consequence of thé vendor’s inability to make title. It -is true it appeared in that case the purchase money had been paid, and by the use of it the vendor might-have been regarded as compensated for the defendant’s occupation, yet C. 3. Mansfield said : “A contract cannot arise by implication of law un der circumstances the-occurrence of which neither of the parties ever had in contemplation.” The same prin ciple was asserted in Rumball v. Wright, (1 Car. & Payne, 589.) And in the later case of Witherbotham v. Ingraham, (7 Ad. & Ellis, N. S., 611,) the same doctrine was declared,though the purchase-money had not been paid, and the reason given was, that when.' the defendant was let- into possession, both parties understood that he made no promise to pay rent. The holding was in the expectation -that title would be made and the purchase completed. There are other decisions to the same effect. It is true that in Howard v. Shaw, (8 Mee. & W., 118,) it was held that after a contract of sale had been rescinded, an action for useandoccupation might be-maintained' against a defendant who had remained in possession with the consent of the owner, but without any title or contract for the purchase of the land, and that a recovery might be had for the *21 possession retained after the contract of purchase was terminated. But he was not held liable for rent during the time the contract subsisted, and he could not have been, for the obvious reason that the contract was inconsistent with any understanding that reut was to be paid. And no case can be found, it is believed, in which one who entered in virtue of an agreement or understanding that he was to be a purchaser, has been held liable in an action for the use and occupation of the land, if the purchase was actually concluded.
It is contended, however, on behalf of the present plaintiff, that the contract of purchase under which, or in the expectation of the completion of which, the-United States entered, and under which they continued to hold until the deed was made and the purchase-money was paid, was invalid; that, until the act of Congress of 1866 was passed, no Executive Department had authority to purchase the island, and that,-therefore, there was no legal contract for the purchase in existence until the' deed was made and the price paid. But if this be conceded, it can make no difference. Let it be that neither party could have enforced the. parol arrangement,.', it is.,still tru,e. that it .was utterly inconsistent with any understanding that the parties contemplated the one was to pay and the other was to receive rent for the occupation of the property. The understanding of the parties is the material thing. Unless it was in their contemplation that compensation, other than the price stipulated to be paid for the transfer of the title, should be made, as O. J. Mansfield said in Kirtland v. Pounsett, a contra'ct to pay rent cannot arise by implication of law.
The plain common sense of the caséis, that if the .plaintiff was entitled to anything beyond what he hasreceived, it was to interest on the purchase-money from the time the possession was taken until the price of the sale' waé'paid. That he should have demanded before he' delivered the deed. Not having done so, but having accepted the principal and consummated the sale, he cannot now assert that the relation in which his vendee stood' to, him was that of a tenant to a landlord, and recover interest in the shape of damages for the breach of an implied promise to pay rent for the use and occupation of the island. There is no room in the facts found by the Court of Claims for the implication of any such promise. • •
The judgment of the Court of Claims is affirmed.